13-4839
Chen v. Holder

BIA
Nelson, IJ
A087 783 531

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand fifteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

YONGSONG CHEN,
> *Petitioner*,

v.                                              13-4839
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:           Gary J. Yerman, New York, NY.

FOR RESPONDENT:           Joyce R. Branda, Acting Assistant
                          Attorney General; Eric W.
                          Marsteller, Senior Litigation
                          Counsel; Rosanne M. Perry, Trial
                          Attorney, Office of Immigration
                          Litigation, United States Department
                          of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yongsong Chen, a native and citizen of China, seeks review of a December 11, 2013, order of the BIA affirming the March 6, 2012, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Yongsong Chen*, No. A087 783 531 (B.I.A. Dec. 11, 2013), *aff'g* No. A087 783 531 (Immig. Ct. New York City Mar. 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal quotation marks omitted). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as Chen's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's demeanor, candor, or responsiveness, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-65.

Here, the IJ's credibility determination rested substantially on a purported inconsistency in Chen's testimony regarding his willingness to spread Christianity to his family members. However, the IJ failed to seek an explanation from Chen for the contradiction. "[I]t is [] error for an IJ to find an applicant's testimony inconsistent without first raising the putative discrepancies during asylum proceedings so that the petitioner has a chance to provide what may be satisfactory explanations for the supposed problem." *Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir. 2006).

We nonetheless deny the petition for review because the agency reasonably found that Chen failed to meet his burden to establish a well-founded fear of persecution in China. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006). To establish a well-founded fear of persecution, an applicant must show that he

subjectively fears persecution and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008). An applicant can establish the objective reasonableness of his fear of future persecution by either (1) offering evidence that he would be singled out individually for persecution, or (2) proving that a pattern or practice of persecution of similarly situated persons exists in his home country. 8 C.F.R. § 1208.13(b)(2); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). "Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The agency reasonably found that Chen did not establish that he would be individually targeted for persecution in China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Chen identifies no evidence that the Chinese authorities are aware of his religious activities in the

4

United States.  The country conditions evidence shows that the authorities are more likely to target religious leaders than individual church members, and Chen never asserted that he would be a religious leader in China.

Chen also failed to establish a pattern or practice of persecution in China of similarly situated Christians. While the country conditions evidence shows that China restricts religious practices, it does not demonstrate the type of systemic and pervasive threat of harm required to establish a pattern or practice of persecution against Christians. *See Jian Hui Shao*, 546 F.3d at 155, 172.  Chen also does not point to any country conditions evidence showing that Christians are persecuted in his home province.

Because Chen failed to establish a well-founded fear of persecution, he necessarily could not meet the higher burden required for withholding of removal or CAT relief.  *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Chen's pending

motion for a stay of removal in this petition is DENIED as moot.

```
                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk
```